Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adelita Gonzales, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Healthcare Collections-I, LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1. Plaintiff Adelita Gonzales ("Plaintiff") brings this putative class action against Defendant Healthcare Collections-I, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, individually and on behalf of all others similarly situated.

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction over this action under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.   Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms which Congress made legally cognizable in passing the FDCPA.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016).

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.   A key provision of the FDCPA is § 1692g, which requires every debt collector—at the outset of the collection process—to send the consumer a written notice identifying "the creditor to whom the debt is owed."  15 U.S.C. § 1692g(a)(2).

6.   A debt collector's communications are viewed under the least sophisticated consumer standard. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011); *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 775 (9th Cir. 2017) ("[T]he FDCPA does not ask the subjective question of whether an individual plaintiff was actually misled by a communication. Rather, it asks the objective question of whether the hypothetical least sophisticated debtor would likely have been misled.").

7.   "Viewed from the perspective of the least sophisticated consumer," the debt collector's § 1692g notice "must *effectively convey* the identity of the creditor." *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016) (emphasis added).

8. "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

9. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

**PARTIES**

10. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Coconino, and City of Flagstaff.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. Plaintiff is a natural person allegedly obligated to pay a debt.

15. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred

Class Action Complaint - 3

primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated May 30, 2019.

19. A true and correct copy of Defendant's May 30, 2019 letter ("the Letter") is attached hereto as Exhibit A.

20. The Letter was Defendant's initial communication with Plaintiff with respect to the Debt.

21. Plaintiff received and read the Letter.

22. The Letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a).

23. The Letter states: "Original Creditor: N AZ RADIOLOGY." Exhibit A.

24. The Letter further states that Defendant "will provide you with the name and address of the original creditor, if different from the current creditor." *Id*.

25. The Letter does not identify the "current creditor."

26. If "N AZ RADIOLOGY" was the current creditor, then the Letter failed to effectively convey this information by identifying it as the "original creditor," rather than the "current creditor" or, simply, the "creditor.".

27. The least sophisticated consumer may reasonably conclude that "N AZ RADIOLOGY" is the original creditor and that another entity is the creditor to whom the Debt is owed.

28. The Letter does not explain who assigned the Debt to Defendant for collection, nor does it state Defendant's relationship to "N AZ RADIOLOGY."

29. Defendant sent no other written communication to Plaintiff within five days of sending the Letter.

## CLASS ALLEGATIONS

30. Plaintiff repeats and re-alleges all factual allegations above.

31. The Letter is based on a form or template that Defendant uses to send collection letters to consumers ("Template").

32. Defendant has used the Template to send collection letters to over 40 individuals within the year prior to the filing of the original complaint in this matter.

33. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All individuals in the United States to whom Defendant, within the one year prior to the filing of the original complaint in this action, mailed a letter based on the Template and where such letter was Defendant's initial written communication with the individual with respect to the debt.

34. The proposed class specifically excludes the United States of America, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, the Justices of the United States

Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

35. The class is averred to be so numerous that joinder of members is impracticable.

36. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

37. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

38. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) whether letters based on the Template violate the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

39. Plaintiff's claims are typical of those of the class she seeks to represent.

40. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

41. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

42. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

43. Plaintiff is willing and prepared to serve this Court and the proposed class.

44. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

45. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

47. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

# COUNT I
# VIOLATION OF 15 U.S.C. § 1692g(a)(2)

48. Plaintiff repeats and re-alleges each factual allegation above.

49. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to disclose to Plaintiff the name of the creditor to whom the Debt was owed.

50. If the "original creditor" was the creditor to whom the Debt was owed, Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to effectively convey that information in the Letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

  f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

  g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

  h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e

51. Plaintiff repeats and re-alleges each factual allegation above.

52. The FDCPA prohibits the use of false, deceptive, or misleading representations in the collection of debts. *See* 15 U.S.C. § 1692e.

53. "Courts have routinely found debt collection letters to be deceptive where the letter fails to clearly identify the current creditor of the debt." *Valentin v. Grant Mercantile Agency, Inc.*, No. 117CV01019AWISKO, 2017 WL 6604410, at *6 (E.D. Cal. Dec. 27, 2017).

54. Defendant violated 15 U.S.C. § 1692e by making a representation that would mislead Plaintiff as to the identity of the current creditor of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

55. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 21, 2019

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff